

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 0-3456
Re: Payment of expenses incurred
by District Attorney as such
after induction of such Dis-
trict Attorney, as a National
Guardsman, into the service of
the United States.

Your letter of April 22, 1941, requests the opinion of this department upon the following matter:

It appears from your letter that Mr. Frank W. Martin, District Attorney of the 24th Judicial District, Goliad, Texas, is a Lieutenant Colonel in the National Guard, and has been inducted into the Federal service; that he is stationed at Camp Bowie, out of his district, but has made several trips back from Camp Bowie in order to take care of the affairs of his civil office and has also discharged the duties of his civil office at Goliad during a three weeks term, during which time he incurred some expenses incident to the discharge of such duties. It appears that Mr. Martin is claiming no salary for the time in which he is not actually engaged in performing the duties of District Attorney. The question which is asked is whether the expenses incurred by Mr. Martin may be paid, and particularly whether the traveling expense incident to returning to his district from Brownwood, and the expenses incident to the return trip to Brownwood, may be paid.

Under the decisions of our Supreme Court in the case of Carpenter v. Sheppard, 145 S.W. (2d) 562, a civil officer of this State, who is an officer also in the National Guard, does not vacate or forfeit his civil office when he is inducted to the active military service of the United States.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, page 2

It follows that the fact that the officer may be inducted into the active military service of the United States does not prevent the payment of such expenses as he may actually and necessarily incur in discharging the duties of his civil office.

In our opinion, however, the expenses incurred by Mr. Martin in coming to his district from Brownwood, where his military office requires him to be stationed, in order to perform the duties of his civil office, and the expenses incident to the return trip to Brownwood, may not be paid. The expenses of these trips are not such as are necessarily incurred in discharging the duties of the civil office of District Attorney. On the contrary, the necessity for these expenditures arises out of the holding of the military office. The situation, to our mind, is much the same as if the District Attorney were compelled, for personal reasons, to make a trip outside of his district, in which event we think it clear that, though it would be necessary for him to return to his district in order to discharge the duties of his civil office, he could not have his expenses incurred in making the return trip paid by the State any more than he would be entitled to have the expenses of the going trip paid by the State. In other words, in neither instance, has the presence of the district attorney at the point outside of his district been occasioned by the necessity of discharging a duty incident to his civil office as District Attorney, and it is only such traveling expenses as are necessarily incurred in discharging the duties of the civil office of District Attorney which may be paid to the officer as District Attorney.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By R. W. Fairchild

R. W. Fairchild
Assistant

RWF:db

APPROVED MAY

Glenn R. Lewis

Acting ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION COMMITTEE
BY
CHAIRMAN